**FIRST DIVISION**
December 21, 2009

No. 1-08-1208

| | | |
|---|---|---|
| ANTONI MATEJCZYK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 L 9824 |
| | ) | |
| THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | The Honorable |
| | ) | Diane Larsen, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE GARCIA delivered the opinion of the court.

The plaintiff, Antoni Matejczyk, appeals from the dismissal of his negligence complaint against the defendant, the City of Chicago (the City), on res judicata grounds. In November 2006, Matejczyk filed an initial complaint, under circuit court number 06 L 11961, to recover for injuries he allegedly sustained while walking on a public sidewalk. Thereafter, Matejczyk filed a two-count, amended complaint. The City filed a motion to dismiss count II pursuant to section 2-619(a)(9) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(9) (West 2006)) as barred by the statute of limitations. On August 31, 2007, Judge Jeffrey Lawrence granted the City's motion to dismiss count II, with Matejczyk being granted leave to refile count II within 28 days. On September 5, 2007, Matejczyk instead filed a second

amended complaint with a single count. The following day, Matejczyk voluntarily dismissed his one-count second amended complaint. On September 18, 2007, Matejczyk filed, under circuit court number 07 L 9824, a new lawsuit with two counts in which he acknowledged the new action was a refiling of the complaint filed in 2006. Judge Diane Larsen granted the City's motion to dismiss the 2007 complaint on res judicata grounds; Matejczyk appeals.

Because Matejczyk filed his one-count, second amended complaint after the entry of the order of August 31, 2007, which granted the City's motion to dismiss count II on the merits, the voluntary dismissal of his second amended complaint triggered res judicata as to the entire cause of action, barring this subsequent refiling. Consequently, we affirm.

BACKGROUND

On November 15, 2006, Matejczyk filed a one-count, negligence complaint against the City, seeking recovery for injuries he allegedly sustained when he fell on November 26, 2005, on a public sidewalk. Matejczyk alleged that he fell in a 1 1/2-inch deep hole left in the sidewalk after a traffic signal installed in the forties was removed on February 8, 1985. He alleged that the City breached its duty by failing to fill the hole, post any warnings, or barricade the area surrounding the hole.

2

On June 19, 2007, Matejczyk filed a first amended complaint, which contained two counts. Each count repeated the allegations that the City failed to fill the hole, post any warnings, or barricade the area surrounding the hole. However, while count I alleged that the signal was removed "[s]ometime after 1996," count II alleged that the signal was removed on February 8, 1985.

The City filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2006)). The City argued that it was immune from liability for the claims in both counts regarding its failure to warn or barricade the area pursuant to section 3-104 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/3-104 (West 2006)), and that count II was barred by the applicable 10-year statute of limitations in the Code (735 ILCS 5/13-214(b) (West 2006)). On August 31, 2007, Judge Lawrence entered an order granting the motion to dismiss "as to all allegations regarding failure to barricade or warn." The order also granted the City's motion to dismiss count II as barred by the statute of limitations; Matejczyk was granted leave to replead count II "should [he] wish to do so within 28 days." The order did not contain Supreme Court Rule 304(a) language (210 Ill. 2d R. 304(a)), and Matejczyk did not seek to appeal.

On September 5, 2007, Matejczyk filed a second amended

complaint containing only one count. That count again alleged that the City breached its duty by failing to fill the hole, post any warnings, or barricade the area surrounding the hole, which was allegedly caused by the removal of the signal "prior to November 26, 2005." The following day, September 6, 2007, Matejczyk moved to voluntarily dismiss the suit. The same day, Judge Lawrence voluntarily dismissed the case without prejudice in what was styled an "agreed order."

Twelve days later, on September 18, 2007, Matejczyk filed the present action under a new circuit court number. His complaint acknowledged that it was a "re-filing" of the prior case. Matejczyk again alleged that "prior to November 26, 2005," the City removed the traffic signal, breaching its duty by failing to fill the hole, post any warnings, or barricade the area surrounding the hole. On December 19, 2007, the City filed a motion to dismiss the complaint pursuant to section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2006)) as barred by res judicata. On April 16, 2008, Judge Diane Larsen granted the City's motion to dismiss with prejudice, "having found that this issue is controlled by Hudson v. City of Chicago, [228 Ill. 2d 462, 889 N.E.2d 210 (2008)]." Matejczyk timely appeals from that order.

## ANALYSIS

4

Res judicata bars a subsequent action if (1) a final judgment on the merits was rendered by a court of competent jurisdiction, (2) there is an identity of parties or their privies, and (3) there is an identity of cause of action. Hudson, 228 Ill. 2d at 467, citing Downing v. Chicago Transit Authority, 162 Ill. 2d 70, 73-74, 642 N.E.2d 456 (1994). "Res judicata bars not only what was actually decided in the first action but also whatever could have been decided." Hudson, 228 Ill. 2d at 467, citing La Salle National Bank v. County Board of School Trustees, 61 Ill. 2d 524, 529, 337 N.E.2d 19 (1975). Matejczyk concedes that his 2006 lawsuit and his 2007 lawsuit arose from the same incident and involved identical parties, meeting the second and third elements of res judicata. His only dispute is with the finding that the 2006 lawsuit ended with a final judgment on the merits, the first element of res judicata.

### A. Ruling on the Merits

Matejczyk first contends that res judicata does not apply because no final order on the merits was entered in the 2006 suit to trigger the doctrine. Matejczyk argues that in both the 2006 and 2007 lawsuits, he alleged only a single cause of action for negligence. He contends it was this single cause of action that he voluntarily dismissed on September 6, 2007, under the 2006 case number, which he refiled on September 18, 2007, as a new

5

action under the 2007 case number, the subject of this appeal.

The City counters that Judge Lawrence's August 31, 2007, order granting its motion to dismiss count II was a final adjudication on the merits of that count in the then-pending two-count complaint. While the negligence theory of recovery was shared by the two counts, the respective allegation in paragraph 3 of each count differed. It was Matejczyk that pled his cause of action in two counts, which the City properly addressed as distinct claims. Matejczyk should not be allowed on appeal to recast his first amended complaint into one that seeks to render pointless Judge Lawrence's ruling. We agree with the City.

The significance of a dismissal of certain counts in a complaint was the preliminary question in Rein v. David A. Noyes & Co., 172 Ill. 2d 325, 339-40, 665 N.E.2d 1199 (1996). In Rein, actions of various plaintiffs were consolidated; the complaints asserted counts based on common law and counts seeking rescission. Rein v. David A. Noyes & Co., 230 Ill. App. 3d 12, 13-14, 595 N.E.2d 565 (1992) (Rein I). The rescission counts were dismissed by the circuit court as barred by the statute of limitations. Rein I, 230 Ill. App. 3d at 14. Subsequently, the plaintiffs voluntarily dismissed the remaining common law counts and appealed the dismissal of the rescission counts. Rein I, 230 Ill. App. 3d at 14-15. The Second District in Rein I affirmed

6

the dismissal. Rein I, 230 Ill. App. 3d 12. On review of Rein I, the supreme court phrased the initial question as "whether the dismissal of the rescission counts in Rein I was a final judgment on the merits." Rein, 172 Ill. 2d at 335. The court noted, "The trial judge in Rein I dismissed the rescission counts with prejudice, pursuant to section 2-619(a)(5) of the Code, as being barred by the statute of limitations in section 13(D) of the [Illinois Securities Law of 1953 (Ill. Rev. Stat. 1989, ch. 121 ½, pars. 137.12 (F), (G))]." Rein, 172 Ill. 2d at 335. As authority that the dismissal was a final judgment on the merits, the court cited to Supreme Court Rule 273: " 'Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.' " Rein, 172 Ill. 2d at 335, quoting 134 Ill. 2d R. 273. The court noted a dismissal operates as an adjudication on the merits under "Rule 273 *** only to an involuntary dismissal of an action, such as that which occurs when a motion to dismiss under section 2-615 or 2-619 of the Code is granted." Rein, 172 Ill. 2d at 335-36.

We note that count II of Matejczyk's 2006 first amended complaint was dismissed by Judge Lawrence pursuant to section 2-

619(a)(9) of the Code as barred by the statute of limitations. To quote the supreme court in Rein, it follows, "[t]herefore, under Rule 273, the trial judge's decision to grant [the City's] motion to dismiss [count II] *** based on the applicable statute of limitations is a final adjudication on the merits and operates as a final judgment on the merits for purposes of res judicata." Rein, 172 Ill. 2d at 336.

Matejczyk's contention that his case differs from Rein because Judge Lawrence's order did not specify the dismissal of count II "with prejudice" is unavailing.  " '[T]he effect of a dismissal order is determined by its substance and not by the incantation of any particular magic words,' and therefore, a trial court's description of a final judgment as being 'without prejudice' or 'with prejudice' is not determinative" of its finality.  Keifer v. Rust-Oleum Corp., 394 Ill. App. 3d 485, 494, 916 N.E.2d 22 (2009), quoting Schal Bovis, Inc. v. Casualty Insurance Co., 314 Ill. App. 3d 562, 568, 732 N.E.2d 1082 (1999). As the supreme court made clear, "[T]he use of 'without prejudice' language is not sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action: 'the trial judge's granting plaintiffs' motion to voluntarily dismiss the common law counts without prejudice under section 2-1009 should

8

not be interpreted as immunizing plaintiffs against defenses defendants may raise when the voluntarily dismissed counts were refiled.' " (Emphasis in original.) Hudson, 228 Ill. 2d at 472 n.2, quoting Rein, 172 Ill. 2d at 342.

As we noted, Judge Lawrence's order granted Matejczyk leave to refile count II within 28 days. However, while count I remained pending sans the allegations regarding the City's failure to warn or barricade the area, Matejczyk did not refile count II; rather, he filed a single-count, second amended complaint. Matejczyk's contention that the two counts in his first amended complaint are "virtually identical" except for the date set out in the respective paragraph 3 makes clear that the dismissal order as to count II was a final judgment on the merits because count II violated the statute of limitations based on the date alleged in that count's paragraph 3. But for that date, count II would have been identical to count I. Moreover, as the court noted in Rein, the dismissal of a count as barred by the statute of limitations is a ruling on the merits under Rule 273. The language of Rule 273 makes no distinction between a dismissal with prejudice and without; rather, the necessary condition under Rule 273 is an involuntary dismissal, which Judge Lawrence's order of August 31, 2007, clearly was as brought on by the City's 2-619 motion to dismiss. It is also reasonable to conclude that

9

the dismissal of count II was for all practical purposes a dismissal with prejudice because count II could not be repled with the same date alleged in paragraph 3, the only difference between count II and count I. The involuntary dismissal left Matejczyk with a single viable claim against the City in his first amended complaint. That Matejczyk recognized that his two-count, first amended complaint was reduced to a single count is reflected in his second amended complaint filed immediately thereafter with a single count.

Matejczyk's overly broad contention that "[t]here is no indication that the court intended to dispose of an entire cause of action, or grant a final disposition of the whole case" is simply beside the point. It is certainly true that Judge Lawrence's order of August 31, 2007, did not dispose of the whole case; in fact, count I was unaffected except for Judge Lawrence's ruling that certain allegations were barred by section 3-104 of the Act. Matejczyk was granted leave to refile count II if he wished to do so. Matejczyk elected, however, to file a second amended complaint with a single count. Upon the filing of the second amended complaint, Matejczyk was free to pursue that single-count complaint to a final judgment. However, Matejczyk was not free to voluntarily dismiss his second amended complaint without exposing his subsequently refiled complaint to a possible

10

res judicata defense based on the prohibition against claim-splitting. See Hudson, 228 Ill. 2d at 472-73, citing Rein, 172 Ill. 2d at 339-40.

No persuasive argument is put forth by Matejczyk to avoid the clear holding in Rein that the dismissal of count II, albeit with leave to refile, was a final judgment on the merits of count II as it was pled in Matejczyk's first amended complaint. Rein, 172 Ill. 2d at 335-36. We reject Matejczyk's unpersuasive contentions to the contrary. We now address the consequences that flow from the voluntary dismissal of Matejczyk's second amended complaint, in light of the final judgment order dismissing count II on its merits.

## B. Claim-Splitting

The City contends that Matejczyk engaged in claim-splitting when he voluntarily dismissed his one-count, second amended complaint after count II had been dismissed by Judge Lawrence from his first amended complaint only to refile both claims in his 2007 lawsuit. This triggers the rule in Rein: "Rein *** stands for the proposition that a plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a res judicata defense." Hudson, 228 Ill. 2d at 473, citing Rein, 172 Ill. 2d at 337-39. "Whether a

11

subsequent claim is barred by the doctrine of res judicata is a question of law which is reviewed de novo." Northeast Illinois Regional Commuter R.R. Corp. v. Chicago Union Station Co., 358 Ill. App. 3d 985, 1000, 832 N.E.2d 214 (2005). We review Rein's analysis on claim-splitting and Hudson to determine whether Judge Larsen was correct that the issue presented by this case "is controlled by Hudson." Our focus is on the City's contention that Matejczyk engaged in claim-splitting.

In Rein, the plaintiffs filed an eight-count complaint that sought recovery under both rescission and common law theories. Rein, 172 Ill. 2d at 328. The circuit court dismissed the rescission counts with prejudice, finding the rescission counts barred by the applicable statute of limitations. Rein, 172 Ill. 2d at 329. However, no Rule 304(a) language was included in the order to render the dismissal of the rescission counts immediately appealable. Rein, 172 Ill. 2d at 330. It appears the plaintiffs voluntarily dismissed the then-pending complaint with its remaining common law counts in order to appeal the dismissal of the rescission counts. Rein, 172 Ill. 2d at 331. After the appellate court affirmed the dismissal of the rescission counts, the plaintiffs filed a new complaint that was virtually identical to the original, with both rescission and common law counts. Rein, 172 Ill. 2d at 331. The defendants

12

moved to dismiss the entire complaint on res judicata grounds; the circuit court granted the motion. Rein, 172 Ill. 2d at 331-32. The appellate court affirmed the dismissal in Rein I and the supreme court granted the plaintiffs leave to appeal. Rein, 172 Ill. 2d at 332.

As we noted in the preceding section, the dismissal of the rescission counts in the original complaint constituted "a final adjudication on the merits[, which] operate[d] as a final judgment on the merits for purposes of res judicata." Rein, 172 Ill. 2d at 336. Our focus here is on the court's analysis of the rule against claim-splitting: the rule "prohibits a plaintiff from suing for part of a claim in one action and then suing for the remainder in another action. [Citations.]" Rein, 172 Ill. 2d at 340. As the court explained: "To avoid the bar of res judicata, plaintiffs could have proceeded to a decision on the merits of the common law counts *** and, if unsuccessful, appealed both the result regarding the common law counts and the trial judge's order dismissing the rescission counts with prejudice." Rein, 172 Ill. 2d at 340. Because res judicata bars "not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined," the plaintiffs were barred from refiling the voluntarily dismissed common law counts, on which no ruling on

13

the merits was issued, because the common law counts could have been adjudicated in the earlier suit. Rein, 172 Ill. 2d at 338, citing Torcasso v. Standard Outdoor Sales, Inc., 157 Ill. 2d 484, 490, 626 N.E.2d 225 (1993).

As the Rein holding made clear, the plaintiffs were required to delay challenging the dismissal of the rescission counts until a decision on the merits of the remaining common law counts was rendered. If the on-the-merits ruling on the common law counts gave the plaintiffs a full remedy, it would presumably render moot the earlier decision dismissing the rescission counts. If the on-the-merits ruling on the common law counts went against the plaintiffs, then the plaintiffs could seek appellate review of both that ruling and the earlier decision dismissing the rescission counts.

In Hudson, the plaintiffs filed a complaint containing one negligence count and one willful and wanton misconduct count. Hudson, 228 Ill. 2d at 464. Some three years after the circuit court dismissed the negligence count with prejudice, the plaintiffs voluntarily dismissed the remaining willful and wanton misconduct count. Hudson, 228 Ill. 2d at 466. Another year later, the plaintiffs refiled the willful and wanton misconduct count in a new suit. Hudson, 228 Ill. 2d at 466. The circuit court granted the defendant's motion to dismiss on res judicata

14

grounds and the appellate court affirmed. Hudson, 228 Ill. 2d at 466.

On review, our supreme court in Hudson once again applied the rule against claim-splitting it discussed in Rein. Our supreme court held that "a plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a res judicata defense." Hudson, 228 Ill. 2d at 473. The dismissal of the negligence count in the plaintiffs' original suit " 'operate[d] as an adjudication on the merits for purposes of res judicata.' " Hudson, 228 Ill. 2d at 473, citing Rein, 172 Ill. 2d at 338. Once again in Hudson, the plaintiffs failed to delay the challenge to the dismissal of the negligence count until there was a ruling on the merits on the willful and wanton count. Had the plaintiffs obtained a successful final judgment on the willful and wanton count, it might have rendered moot the earlier decision dismissing the negligence count. Had judgment on the willful and wanton count gone against the plaintiffs, then the plaintiffs could have sought a review of both that ruling and the earlier decision dismissing the negligence count. Because the remaining willful and wanton misconduct claim could have been resolved in the litigation pending before the circuit court, the plaintiffs were barred from

relitigating it in a separately filed suit even though no express ruling on its merits was entered.  Hudson, 228 Ill. 2d at 474.

We read Rein and Hudson to establish that a dismissal on the merits by the circuit court of one or more counts in a complaint puts the plaintiff on notice that, should he elect to take a voluntary dismissal under section 2-1009 of the Code (735 ILCS 5/1-1009 (West 2006)) for whatever reason, he risks triggering the res judicata bar to refiling.  The rule made clear in Rein and Hudson flows directly from the policy considerations behind the res judicata doctrine.  " 'Res judicata promotes judicial economy by preventing repetitive litigation and [additionally] protects parties from being forced to bear the unjust burden of relitigating essentially the same case.' "  Piagentini v. Ford Motor Co., 387 Ill. App. 3d 887, 890, 901 N.E.2d 986 (2009), quoting Arvia v. Madigan, 209 Ill. 2d 520, 533, 809 N.E.2d 88 (2004).  To allow the splitting of claims or causes of action even in the absence of a ruling on the merits of all claims or all causes of action is contrary to the policy consideration central to res judicata of promoting finality.

Although a plaintiff may disagree with a circuit court's ruling dismissing a count in a multicount complaint, it is unquestionably a ruling on the merits of the dismissed count under Rule 273 as an involuntary dismissal.  134 Ill. 2d R. 273.

16

The remaining portion of the complaint, with its viable counts, must proceed to final judgment, else risk triggering <u>res judicata</u>.

To allow voluntary dismissal of viable counts in a complaint following an involuntary dismissal of other counts with unfettered refiling of the complaint, in whole or in part, would unavoidably encourage splitting of claims or causes of action. When a circuit court issues a ruling on the merits that results in the dismissal of a count, litigation of the remaining complaint, subject to certain exceptions discussed below, must be pursued to a final judgment. To allow the voluntary dismissal of the remaining viable counts, with the right to refile, would by definition promote piecemeal litigation. Such a result is contrary to the policy consideration of promoting finality embedded in <u>res judicata</u>. In other words, a final judgment on the merits of an involuntarily dismissed count of a multicount complaint will render a voluntary dismissal of all remaining counts equally final to the dismissed count. To hold otherwise would promote piecemeal litigation when remaining counts are deemed to have sufficient merit to continue with litigation.

Judge Lawrence's order of August 31, 2007, dismissing count II of the first amended complaint was a final order, the finality of which carried over to the remaining count when Matejczyk

voluntarily dismissed the remaining complaint on September 6, 2007. Stated differently, the August 31, 2007, order dismissing count II rendered the voluntary dismissal of Matejczyk's second amended complaint a final judgment on the merits, which precluded the refiling of the same claims under the 2007 case number, the subject of this appeal.

### C. Exceptions to Claim-Splitting

Finally, Matejczyk argues that his case triggers exceptions to the rule against claim-splitting described in Rein and Hudson. Specifically, Matejczyk argues that two exceptions to the rule apply here: " '(1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; [and] (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action.' " Hudson, 228 Ill. 2d at 472, quoting Rein, 172 Ill. 2d at 341. Neither of Matejczyk's contentions that either of the two exceptions applies is persuasive.

First, we reject his entirely unsupported argument that Judge Lawrence's order voluntarily dismissing his original case signaled the City's acquiescence to claim-splitting simply because it was titled an "agreed order." Neither the form nor the language of that order in any way indicates that the City intended to allow Matejczyk to refile his claim at a later date.

18

Nor was the City required to voice its objection to refiling before Matejczyk attempted to refile. <u>Rein</u>, 172 Ill. 2d at 342 ("Until the plaintiffs attempted to refile *** no reason existed for defendants to object"). When Matejczyk did refile, the City promptly moved to dismiss on <u>res judicata</u> grounds, which negates Matejczyk's claim that the City acquiesced in the refiling.

Second, we reject Matejczyk's argument that Judge Lawrence expressly reserved Matejczyk's right to maintain a second action by granting him leave to refile count II within 28 days. There is no indication in the record that the dismissal order was written with an exception to claim-splitting in mind. Judge Lawrence's order contained no language granting Matejczyk the right to file a subsequent suit seeking identical relief despite the general prohibition against claim-splitting. Allowing him to refile would not be "within the purpose and spirit" of the exception as Matejczyk claims; the exception clearly applies only where the circuit court <u>expressly</u> reserves the plaintiff's right to refile.

Matejczyk also contends that this case should be allowed to proceed to trial based upon this court's recent decision in <u>Piagentini</u>. We find that case distinguishable.

In <u>Piagentini</u>, the plaintiffs were injured in a car accident and filed suit against the automobile manufacturer. <u>Piagentini</u>,

19

387 Ill. App. 3d at 888. The eight counts in the plaintiffs' amended complaint sought recovery on strict liability and negligence theories, but shared allegations that the defendant's car was designed with insufficient stability and lacked an adequate seatbelt system. Piagentini, 387 Ill. App. 3d at 888-89. Based on the plaintiffs' failure to disclose any witnesses to substantiate its "insufficient stability" allegations, the circuit court entered an agreed order for partial summary judgment related to those allegations. Piagentini, 387 Ill. App. 3d at 889. That order dismissed the plaintiffs' complaint, but granted leave to replead under both theories so long as the counts did not include any allegations regarding stability. Piagentini, 387 Ill. App. 3d at 889. The plaintiffs filed a second amended complaint excluding the stability allegations, but later voluntarily dismissed that complaint. Piagentini, 387 Ill. App. 3d at 889. Nearly a year later, the plaintiffs refiled their claims, including those relating to vehicle stability. Piagentini, 387 Ill. App. 3d at 889. After litigating for 3 1/2 years, the defendant filed a motion to dismiss on res judicata grounds only three months prior to trial, which the circuit court granted. Piagentini, 387 Ill. App. 3d at 889-90.

This court reversed the dismissal, holding that the circuit court's partial summary judgment order in the original suit was

20

not final because it "was granted as to certain allegations within separate counts of the complaint but no actual count was dismissed." Piagentini, 387 Ill. App. 3d at 893. Because "both counts [of the original complaint] remained standing as bases for recovery," the order did not dispose of a separate branch of the controversy and was not final. Piagentini, 387 Ill. App. 3d at 894. As an independent basis for its decision, the Piagentini court also reasoned that the circuit court's summary judgment order was not final because it "dismissed the complaint in its entirety but expressly granted plaintiffs 28 days in which to replead those allegations relating to defective seatbelts." Piagentini, 387 Ill. App. 3d at 893. Relying on Jackson v. Victory Memorial Hospital, 387 Ill. App. 3d 342, 352, 900 N.E.2d 309 (2008), the Piagentini court held that "an order dismissing a complaint is not final until the trial court enters an order dismissing the suit with prejudice." Piagentini, 387 Ill. App. 3d at 895, citing Jackson, 387 Ill. App. 3d 352.[1]

---

[1] The Piagentini court separately found that even if the summary judgment order was a final ruling on the merits, the defendant's acquiesced in the refiling of the suit when the defendant waited over 3 1/2 years before filing its motion to dismiss based on res judicata. Piagentini, 387 Ill. App. at

21

Neither of the bases supporting the Piagentini decision applies here. Unlike the circuit court's order in Piagentini, Judge Lawrence's order did not leave "both counts [of the initial complaint] standing as bases for recovery" (Piagentini, 387 Ill. App. 3d at 894); instead, Judge Lawrence dismissed one of the two counts of Matejczyk's amended complaint, in addition to claims that the City failed to properly warn about the hole or barricade it. This order disposed of a "separate branch" of the controversy and was therefore final. Piagentini, 387 Ill. App. 3d at 894, citing Hull v. City of Chicago, 165 Ill. App. 3d 732, 733, 520 N.E.2d 720 (1987). Further, unlike the order in Piagentini dismissing the case in its entirety, Judge Lawrence's order dismissed only part of Matejczyk's original complaint, with leave to replead, if he wished, the remainder; because the entire complaint was not dismissed, leave was not granted to replead the complaint in its entirety because the date alleged in count II fell outside the statute of limitations. As discussed earlier, dismissal of count II rendered Judge Lawrence's ruling a final judgment on the merits of count II. Dubina v. Mesirow Realty Development, Inc., 178 Ill. 2d 496, 502-03, 687 N.E.2d 871

---

895-96. The City, here, promptly moved to dismiss Matejczyk's refiled lawsuit on res judicata grounds.

(1997); see also <u>Doe v. Gleicher</u>, 393 Ill. App. 3d 31, 36, 911 N.E.2d 532 (2009) ("Claims dismissed without an opportunity to amend are final even if the case is not dismissed in its entirety").

If Matejczyk desired review of Judge Lawrence's August 31, 2007, order, he was obligated to litigate his suit to judgment on count I, which he premised on his claim that the City negligently failed to fill the hole, and only then appeal the earlier involuntary dismissal of count II and his alternative claims. Of course, given that counts I and II were nearly identical but for the date allegation, litigation of count I to a final judgment would likely have rendered the dismissal of count II moot. However, rather than continue with the litigation, Matejczyk inexplicably elected to file a new suit. Had Matejczyk not insisted on pursuing his negligence suit in two counts that offered him no greater chance of recovery, he would not be in the predicament he finds himself today. See <u>Hudson</u>, 228 Ill. 2d at 480 ("had the plaintiffs themselves not insisted on bringing a negligence suit against an entity that is statutorily immune, they would not be in [this] predicament").

CONCLUSION

Matejczyk's first amended 2006 complaint contained two counts, each including claims based upon the City's failure to

23

fill the hole, post any warnings, or barricade the area surrounding the hole in a public sidewalk.  On August 31, 2007, Judge Lawrence dismissed count II.  Under Rule 273, that order was a final adjudication on the merits of count II.  As such, the order bars Matejczyk, after a voluntary dismissal of that litigation, from refiling in his 2007 lawsuit those claims that could have been litigated in his original 2006 suit.  We affirm Judge Larsen's dismissal of this refiling on <u>res judicata</u> grounds.

Affirmed.

HALL, P.J., and LAMPKIN, J., concur.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

ANTONI MATEJCZYK,

Plaintiff-Appellant,

v.

THE CITY OF CHICAGO, a Municipal Corporation,

Defendant-Appellee.

## No. 1-08-1208

**Appellate Court of Illinois**
**First District, First Division**

**Filed: December 21, 2009**

**JUSTICE GARCIA delivered the opinion of the court.**

**HALL, P.J., and LAMPKIN, J., concur.**

**Appeal from the Circuit Court of Cook County**
**Honorable Diane J. Larsen, Judge Presiding**

| | |
|---|---|
| **For PLAINTIFF-APPELLANT** | **Sidney Ezra**<br>**Law Office of Sidney Ezra**<br>**55 W. Wacker Dr., 9th Floor**<br>**Chicago, Illinois  60601** |
| | **Theodore T. Scudder**<br>**332 South Michigan, Suite 1000**<br>**Chicago, Illinois  60604** |
| **For DEFENDANT-APPELLEE** | **Benna Ruth Soloman, Deputy Corporation Counsel**<br>**Myriam Zreczny Kasper, Chief Assistant Corporation Counsel** |

**Julian N. Henriques, Jr., Senior Counsel**
**MARA S. GEORGES, Corporation Counsel, City of Chicago**
**30 North LaSalle Street, Suite 800**
**Chicago, Illinois   60602**