# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Law Offices of Nye & Associates, Ltd. v. Boado, 2012 IL App (2d) 110804**

---

| | |
|---|---|
| Appellate Court Caption | THE LAW OFFICES OF NYE AND ASSOCIATES, LTD., Plaintiff-Appellant, v. EDUARDO BOADO, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-0804 |
| Filed | May 31, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of a law firm's action to recover attorney fees and costs incurred in representing defendant in a marriage dissolution action was affirmed on the grounds that the action was barred by *res judicata* because plaintiff's claims could have been raised in an earlier action between the same parties in which a final order was entered on the merits and no exceptions to the doctrine of *res judicata* applied. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 10-L-1065; the Hon. Margaret J. Mullen, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Scott B. Gibson and Lindsay V. Wagoner, both of Gibson & Associates, Ltd., of Waukegan, for appellant. |
| | |
| | David R. Del Re, of Law Offices of David R. Del Re, P.C., of Waukegan, for appellee. |
| | |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Presiding Justice Jorgensen and Justice Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, The Law Offices of Nye & Associates, Ltd. (Nye), appeals the trial court's order dismissing its complaint against defendant, Eduardo Boado, under section 2-619(a)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(4) (West 2010)) based on principles of *res judicata*. We determine that *res judicata* applied, because the claims raised could have been litigated in a previous action that was adjudicated to a final order on the merits, and that the trial court correctly determined that no exceptions to the application of *res judicata* applied. Accordingly, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On September 24, 2008, in circuit court case number 08-L-784 (Nye I), Nye filed a complaint against Boado, seeking attorney fees and costs in connection with Nye's representation of Boado in a marital dissolution action. Count I alleged that Boado owed money under an account stated and count II alleged breach of contract.

¶ 4    On March 17, 2010, Nye moved to voluntarily dismiss counts I and II without prejudice and with leave to refile them and to file an amended complaint seeking fees under section 508 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508 (West 2008)). Boado filed a response that objected to portions of the motion, including moving to strike the paragraph that asked for leave to refile, without specifically objecting to that request. Nye contends that, when the parties appeared in court, Boado again did not object. However, there is no transcript of the proceeding or substitute for a transcript. The trial court granted the motion with a written order drafted by Boado, stating that the counts were "voluntarily nonsuited." There was no mention of prejudice or leave to refile.

¶ 5    Nye filed an amended complaint seeking fees under section 508 and, on July 21, 2010, the trial court dismissed the complaint with prejudice on the basis that it was time-barred. Nye did not appeal.

¶ 6    On November 17, 2010, Nye filed a new complaint in circuit court case number 10-L-1065 (Nye II), alleging the same two counts that were voluntarily dismissed in Nye I. Boado moved to dismiss under section 2-619(a)(4), alleging that the action was barred by principles of *res judicata*. Nye responded that *res judicata* did not apply, arguing that Nye I was specifically dismissed without prejudice and with leave to refile the dismissed counts at a later date.

¶ 7    The trial court judge in the previous case had retired, and the case was assigned to a different judge. A hearing was held, during which Nye contended that the parties agreed that the counts could be voluntarily dismissed but refiled at a later time and that the trial court had expressly agreed that the counts could be refiled. Boado disputed those arguments.

¶ 8    Nye's attorney, Scott Gibson, testified that, when the first two counts in Nye I were voluntarily dismissed, he spoke with Boado's attorney, David Del Re, who said that he had no objection to the counts being dismissed without prejudice. Gibson also testified that he recalled an associate from Del Re's office being in the courtroom when the counts were dismissed and that the person did not voice any objection. Del Re testified that he did not object to the counts being voluntarily dismissed, but that he made no agreement that they could be refiled.

¶ 9    The trial court found that *res judicata* applied and that an exception based on express permission by the court or an agreement of the parties for leave to refile did not apply. Accordingly, the court dismissed the complaint with prejudice. Nye's motion to reconsider was denied, and it appeals.

¶ 10                                    II. ANALYSIS

¶ 11    Nye contends that the trial court erred in dismissing the Nye II complaint, because the intent of the parties and the Nye I trial court was that Nye be able to voluntarily dismiss the counts without prejudice and with leave to refile. Boado responds that the matter is barred by *res judicata* and that Nye failed to meet its burden to show that an exception applied based on any express agreement between the parties or by the trial court that the counts could be refiled.

¶ 12    A determination of whether a claim is barred under the doctrine of *res judicata* is a question of law, which we review *de novo*. *Arvia v. Madigan*, 209 Ill. 2d 520, 526 (2004). Likewise, our review of a dismissal under section 2-619 of the Code is generally *de novo*. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). However, "[w]here, as here, the trial court grants a section 2-619 motion to dismiss following an evidentiary hearing, 'the reviewing court must review not only the law but also the facts, and may reverse the trial court order if it is incorrect in law or against the manifest weight of the evidence.' " *Hernandez v. New Rogers Pontiac, Inc.*, 332 Ill. App. 3d 461, 464 (2002) (quoting *Kirby v. Jarrett*, 190 Ill. App. 3d 8, 13 (1989)). Accordingly, we review whether the trial court's findings of fact are against the manifest weight of the evidence while reviewing the questions of law *de novo*.

¶ 13    Section 2-1009(a) of the Code (735 ILCS 5/2-1009(a) (West 2008)) provides that a plaintiff may, at any time before trial begins, dismiss an action or part of an action without prejudice. However, " '[t]he doctrine of *res judicata* provides that a final judgment on the

-3-

merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996)). "*Res judicata* bars not only what was actually decided in the first action but also whatever could have been decided." *Id.* "Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Id.* Thus, the rule " 'prohibits a plaintiff from suing for part of a claim in one action and then suing for the remainder in another action.' " *Matejczyk v. City of Chicago*, 397 Ill. App. 3d 1, 7 (2009) (quoting *Rein*, 172 Ill. 2d at 340).

¶ 14     "[T]he principle that *res judicata* prohibits a party from seeking relief on the basis of issues that could have been resolved in a previous action serves to prevent parties from splitting their claims into multiple actions." *Hudson*, 228 Ill. 2d at 471-72 (citing *Rein*, 172 Ill. 2d 339-42). The rule promotes judicial economy by preventing repetitive litigation and also protects parties from being forced to bear the unjust burden of relitigating the same case. *Matejczyk*, 397 Ill. App. 3d at 9.

¶ 15     Here, it is clear that basic principles of *res judicata* apply. There was a final judgment on the merits in Nye I, the issues that were raised in Nye II could have been adjudicated in Nye I, and the parties were identical. Nye does not specifically dispute this and instead contends that exceptions apply that would allow it to split its claims.

¶ 16     Illinois has adopted claim-splitting as set forth in section 26(1) of the Restatement (Second) of Judgments (1982). Under this section, *res judicata* principles do not bar a second action if:

> " '(1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.' " *Hudson*, 228 Ill. 2d at 472-73 (quoting *Rein*, 172 Ill. 2d at 341).

¶ 17     In the trial court, Nye argued that the first two of these exceptions were applicable to its complaint. On appeal, Nye does not specifically argue that the parties agreed that it could split its claims. In any event, to the extent that the argument is implied, the trial court heard evidence that no such agreement existed, and its findings to that effect are not against the manifest weight of the evidence. Nothing in the voluntary-dismissal order indicates any such agreement, nor was Boado required to object to the voluntary dismissal. See *Matejczyk*, 397 Ill. App. 3d at 10 (" 'Until the plaintiffs attempted to refile *** no reason existed for the defendants to object.' " (quoting *Rein*, 172 Ill. 2d at 342)).

¶ 18     In regard to the second exception, Nye contends that, because it requested leave to refile, and the counts in Nye I were dismissed without prejudice, the record shows that the court

intended that Nye have leave to refile.

¶ 19    The comments to section 26 of the Restatement illustrate the general premise that a court may expressly reserve a plaintiff's right to maintain a second action when it indicates that its judgment is without prejudice. See *Hudson*, 228 Ill. 2d at 472 n.2 (citing Restatement (Second) of Judgments § 26(1), cmt. b (1982)). Indeed, "[the] voluntary dismissal of an *action* is typically without prejudice to the bringing of a second action." (Emphasis in original.) *Id.* However, "the use of 'without prejudice' language is *not* sufficient to protect a plaintiff against the bar of *res judicata* when another part of plaintiff's case has gone to final judgment in a previous action: 'the trial judge's granting plaintiffs' motion to voluntarily dismiss the common law counts without prejudice under section 2-1009 should not be interpreted as immunizing plaintiffs against defenses defendants may raise when the voluntarily dismissed counts were refiled.' " (Emphasis in original.) *Id.* (quoting *Rein*, 172 Ill. 2d at 342). A plaintiff cannot "file a complaint with multiple counts, take a voluntary dismissal without prejudice of some of the counts, pursue the undismissed counts to final judgment, and then harass the defendant with successive suits simply because the dismissals of those counts were entered 'without prejudice.' " *Id.* (citing *Rein*, 172 Ill. 2d at 343).

¶ 20    Here, the voluntary-dismissal order was silent on whether the counts in Nye I were dismissed without prejudice. Regardless, even if we were to assume that the complaint was dismissed without prejudice, under *Hudson* and *Rein* that fact did not allow the refiling of the dismissed counts in Nye II. Once Nye chose to proceed to a final determination on the merits in Nye I, it could not return later for a second bite at the apple by refiling the dismissed counts in a new action in Nye II.

¶ 21    Nye's argument that the record as a whole shows that the court intended to allow it to refile also fails. Nye argues that the combination of its motion to voluntarily dismiss, which asked for leave to refile, with Boado's failure to object, and the court's grant of the motion, is sufficient to show that it had leave to refile the claims in a new lawsuit. But, under the exception at issue, the court must *expressly* state the right to refile. *Matejczyk*, 397 Ill. App. 3d at 10-11. An express reservation requires that the intent be clearly and unmistakably communicated or directly stated. See *Quintas v. Asset Management Group, Inc.*, 395 Ill. App. 3d 324, 333 (2009). Here, nothing was expressly stated by the court in regard to the ability to refile.

¶ 22    Nye relies on three cases decided after *Hudson* that it argues require a different result, but in those cases, the trial court expressly stated the right to refile. *Severino v. Freedom Woods, Inc.*, 407 Ill. App. 3d 238, 251 (2010) (order stated costs were to be paid upon refiling of the complaint and docket sheet stated leave to refile was allowed); *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152, 155 (2010) (order granted " 'leave to reinstate as a matter of right' "); *Quintas*, 395 Ill. App. 3d at 333 (docket sheet stated that motion was granted with leave to refile). These cases are distinguishable, as here the trial court's dismissal order was silent on the matter and nothing in the record indicates that the order was written with an exception to claim-splitting in mind. See *Green*, 401 Ill. App. 3d at 156 (citing *Matejczyk*, 397 Ill. App. 3d at 3). The fact that Nye's motion asked for leave to refile is not sufficient to show that the court actually agreed to allow it to do so. This is especially true in light of the fact that Boado filed a response that moved to strike the portion of the

motion that sought leave to refile.

¶ 23    In a related argument, Nye also asserts that, at the hearing where the voluntary dismissal took place, the trial court expressly stated that Nye could later refile the claims. But, as previously noted, nothing in the order mentions the ability to refile, and the testimony in Nye II about what happened at the Nye I voluntary-dismissal hearing was mixed. Further, Nye did not provide to the trial court or this court a transcript or substitute for a transcript of the voluntary-dismissal hearing. The appellant has the burden to produce a sufficiently complete record to support his claim of error, and any doubts that arise from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Here, the record does not support a determination that the trial court expressly reserved Nye's ability to refile its claims in a new proceeding after a final judgment in Nye I was entered.

¶ 24    Finally, Nye argues that the voluntary-dismissal order is a nullity because it used the term "voluntarily nonsuited" instead of "voluntarily dismissed" when nonsuits are no longer a proper procedure in Illinois. Nye does not cite to any authority that such a technical defect invalidated the order, contrary to the general rule that technical defects should not prevent the court from doing justice between the parties. See *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 354 (1998). Further, Nye does not explain how it could escape principles of *res judicata* even if the dismissal order were not considered, when it filed an amended complaint that included only the section 508 claim and it took that to a final judgment on the merits. An appellant who fails to present cogent arguments supported by authority forfeits those contentions on appeal. *People v. Ward*, 215 Ill. 2d 317, 332 (2005). Here, Nye forfeited its argument, but in any event it also lacks merit, as principles of *res judicata* would still apply.

¶ 25                                    III. CONCLUSION

¶ 26    The complaint in Nye II was barred by principles of *res judicata,* and the exceptions that Nye relies on do not apply. Accordingly, the judgment of the circuit court of Lake County is affirmed.

¶ 27    Affirmed.