2015 IL App (1st) 150879

FIRST DIVISION
October 26, 2015

No. 1-15-0879

| | | |
|---|---|---|
| HERBERT OFFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| FITNESS INTERNATIONAL, LLC, a | ) | |
| Foreign Limited Liability Company, Individually, | ) | |
| | ) | No. 14 L 007713 |
| Defendant-Appellee | ) | |
| | ) | |
| (L.A. Fitness International, LLC, a Foreign | ) | |
| Limited Liability Company, Individually, and/or | ) | |
| Fitness and Sports Clubs, LLC, a Foreign | ) | |
| Limited Liability Company, Individually, d/b/a | ) | |
| and/or a/k/a and/or c/k/a LA Fitness, | ) | Honorable |
| | ) | John Callahan, Jr., |
| Defendants). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justice Cunningham concurred in the judgment and opinion.
Justice Connors dissented, with opinion.

**OPINION**

¶ 1    Plaintiff Herbert Offord filed a complaint against L.A. Fitness International, LLC, and/or

Fitness International, LLC, and/or Fitness & Sports Clubs, LLC, d/b/a as LA Fitness, alleging

negligence and willful and wanton conduct.  Fitness International, LLC (Fitness International),

the only defendant relevant to this appeal, filed a section 2-619(a)(9) (735 ILCS 5/2-619(a)(9)

(West 2012)) motion to dismiss the negligence count based on a guest waiver that plaintiff had

signed. Fitness International also filed a section 2-615 (735 ILCS 5/2-615 (West 2012)) motion to dismiss the willful and wanton conduct claim. Following an evidentiary hearing, the trial court denied the section 2-615 motion, but granted Fitness International's section 2-619(a)(9) motion to dismiss the negligence claim. Plaintiff filed a motion to reconsider, which was denied, and plaintiff now appeals. For the following reasons, we reverse the judgment of the circuit court and remand the matter for proceedings consistent with this decision.

¶ 2                                JURISDICTION

¶ 3        On March 9, 2015, the circuit court denied plaintiff's motion to reconsider and found no just reason to delay appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) (allowing this court to review judgments as to fewer than all of the claims or parties when such a finding is made by the circuit court). On March 25, 2015, plaintiff timely appealed. Accordingly, we have jurisdiction pursuant to Rule 304(a). *Id.*

¶ 4                                BACKGROUND

¶ 5        On July 24, 2014, plaintiff filed a two-count complaint claiming both negligence and willful and wanton conduct against Fitness International, based on a knee injury that occurred while plaintiff was playing basketball on October 2, 2012, as a guest at an LA Fitness facility. Plaintiff alleged that he slipped on an accumulation of water that was the result of a "leaking roof and/or skylight and/or window." Fitness International filed a section 2-619(a)(9) motion to dismiss the negligence claim, asserting that plaintiff's claim was barred by an affirmative matter; namely, a guest waiver entitled "Assumption of Risk and Waiver of Liability," that plaintiff had allegedly signed. The motion to dismiss was supported by the affidavit of Jaime Jakish, the operations manager for the LA Fitness facility where the injury occurred. Jakish stated that plaintiff "signed the Assumption of Risk and Waiver of Liability on Tuesday October 2, 2012

2

and it was in full force and effect on that date."  Jakish also stated that Fitness International stored the guest wavier "in an electronic records system in the ordinary course of business."

¶ 6    A copy of the guest waiver form was also attached to the motion to dismiss, which states in pertinent part:

> "I hereby acknowledge, agree and understand that the use of LA Fitness facilities, services, equipment or premises, involves risks of injury to my person and property, as well as to that of a minor for whom I have guardianship and have requested entrance and use of the club (or Kids Klub Services).  By engaging in such use, or permitting the use by such a minor, I assume full responsibility for such risks.  Therefore, on behalf of myself, my heirs (including minors whom I have requested to be allowed to use the club), personal representatives or assigns, I do hereby release, waive, hold harmless, and covenant not to sue Fitness International LLC, d/b/a LA Fitness, its successor(s) or related entities, directors, officers, employees, volunteers, independent contractors, or agents (collectively, 'LAF') from any liability and all claims arising from my (or the minor for whom I am the guardian) use of LA Fitness' facilities, services, equipment or premises. This waiver of all claims includes, but is not limited to, personal injury (including death) from accidents or illness, as well as any and all claims resulting from damage to, loss of, or theft of property.
>
> I understand that I am releasing LAF from all liability to me, my heirs, minor children for whom I am responsible, and our assigns, for any loss or damage to me or the child, and forever give up any claims therefore on account of injury to person or property whether caused by the active or passive negligence of LAF."

¶ 7    The body of the document is followed by the following text:

> "FIRST NAME:        Herbert
>
> LAST NAME:         Offord
>
> PHONE NUMBER: (777) 777-7777
>
> EMAIL:
>
> DATE: Tuesday, October 2, 2012 8:17:35 PM
>
> ID: -- --"

¶ 8    The document also shows a signature box, which contains an alleged signature.

¶ 9    Plaintiff responded to Fitness International's motion to dismiss, stating the guest waiver lists an incorrect phone number and that "the signature does not appear to be that of [plaintiff]." Plaintiff further alleged that encountering water on the gymnasium floor was not conduct intended by both parties to fall within the scope of the guest waiver.  His response did not contain any supporting affidavits.

¶ 10    A hearing was held on December 15, 2014.  A transcript of the hearing does not appear in the record, but the parties submitted an agreed statement of facts, which states that "the following facts material to this appeal were testified to in oral proceedings *** on December 15, 2014." The agreed statement of facts was signed by both parties' attorneys.  According to the agreed statement of facts, plaintiff testified that the signature on the guest waiver form was not his signature, and that the number listed, (777) 777-7777, was not his telephone number.  Also according to the agreed statement of facts, "[p]laintiff testified that he was injured while using the basketball court when he slipped on what he thought was water," and that someone else told him that the "roof was leaking."

¶ 11    On cross-examination, plaintiff was asked to produce the signature on his driver's license "which showed a deliberate spelling in cursive of all of the letters of his name."  The signature on the guest waiver form "was a scrawl across the signature line."  Plaintiff admitted that the name on the form was his name, and that the time printed on the waiver was before the time of his injury, but that the signature was not his, and that he did not sign the form using an electronic key pad.

¶ 12    Defense counsel argued that it was a reasonable inference that plaintiff had declined to give his telephone number upon entry and that the signature was made by plaintiff "in hasty acknowledgement while not being a deliberate cursive spelling of every letter in his name."

4

Additionally, defense counsel noted that the coincidence was far too great that Fitness International would have a guest waiver form with the "uncommon name of 'Herbert Offord,' which had the day of the incident and an electronic stamp of time indicating a time from just before the injury."

¶ 13    Counsel for plaintiff argued that slipping on water from a leaking rook was not reasonably foreseeable. The trial court, after consideration of the briefs, affidavit, and testimony, found the plaintiff "not credible with regard to his testimony as to the signature." The court found that plaintiff signed the waiver, that the waiver was valid and enforceable, and that slipping on a basketball court, as testified to, was reasonably foreseeable. The trial court granted Fitness International's motion to dismiss the negligence count. Plaintiff now appeals.

¶ 14                                      ANALYSIS

¶ 15    On appeal, plaintiff contends that the trial court erred in granting Fitness International's section 2-619(a)(9) motion to dismiss because plaintiff did not sign the guest waiver form in question. While we generally review the grant of a section 2-619(a)(9) motion to dismiss *de novo*, "[w]here, as here, the trial court grants a section 2-619 motion to dismiss following an evidentiary hearing, 'the reviewing court must review not only the law but also the facts, and may reverse the trial court order if it is incorrect in law or against the manifest weight of the evidence.' " *Hernandez v. New Rogers Pontiac, Inc*., 332 Ill. App. 3d 461, 464 (2002) (quoting *Kirby v. Jarrett*, 190 Ill. App. 3d 8, 13 (1989)). Accordingly, we review whether the trial court's findings of fact are against the manifest weight of the evidence, while reviewing question of law *de novo*. *Law Offices of Nye & Associates, Ltd. v. Boado*, 2012 IL App (2d) 110804, ¶ 12.

¶ 16    We will therefore first determine whether the trial court's finding that plaintiff signed the guest waiver form was against the manifest weight of the evidence. A finding is against the

manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006). Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses. *Id*. A reviewing court will not substitute its judgment for that of the trial court regarding the credibility of witnesses, the weight to be given to the evidence, or the inferences to be drawn. *Id*. at 350-51.

¶ 17    Here, the trial court found that plaintiff's testimony regarding whether he signed the document was not credible, and we will not substitute our judgment for that of the trial court regarding the credibility of witnesses. While plaintiff testified that he did not sign the guest waiver, and produced a driver's license with deliberate spelling in cursive of all of the letters of his name, we do not find that the trial court's finding that plaintiff signed the guest waiver form was against the manifest weight of the evidence. Plaintiff admitted that the name on the guest waiver form was his name, and that the time printed on the waiver was before the time of his injury. A document was produced which showed the correct spelling of his name on a guest waiver form, and a scrawl in the signature box. Accordingly, we cannot find that the opposite conclusion–that plaintiff did not sign the guest waiver form–is clearly evident, and thus, we find that the trial court's finding that plaintiff signed the guest waiver form was not against the manifest weight of the evidence.

¶ 18    Plaintiff argues in the alternative that even if we find that he signed the guest waiver form, that the trial court nevertheless erred in dismissing plaintiff's negligence claim because the injury he suffered was not one contemplated by the guest waiver form. We agree.

¶ 19    The circuit court here dismissed plaintiff's negligence claim due to "other affirmative matter avoiding the legal effect of or defeating the claim" pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure.  735 ILCS 5/2-619(a)(9) (West 2012).  Therefore, the legal sufficiency of plaintiff's complaint is admitted and all the facts contained in the record must be viewed in the light most favorable to plaintiff, the nonmoving party.  *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003); *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008).  Our supreme court has likened a dismissal pursuant to section 2-619(a)(9) to a summary judgment in that a genuine issue of material fact will preclude the dismissal of a claim. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997).   Because this is a question of law, we review this argument *de novo*.  *Law Offices of Nye & Associates*, 2012 IL App (2d) 110804 at ¶ 12.

¶ 20    In Illinois, a party may contract to avoid liability for its own negligence.  *Garrison v. Combined Fitness Centre, Ltd*., 201 Ill. App. 3d 581, 584 (1990).  Although a party may enter into a contract to avoid liability for negligence, such exculpatory clauses "must contain clear, explicit, and unequivocal language referencing the type of activity, circumstance, or situation that it encompasses and for which the plaintiff agrees to relieve the defendant from a duty of care.  *Platt v. Gateway International Motorsports Corp*., 351 Ill. App. 3d 326, 330 (2004).  The parties need not, at the time of the formation of the contract, contemplate the precise cause of the injury.  *Garrison*, 201 Ill. App. 3d at 585.  The defendant, however, "must put the plaintiff on notice of the range of dangers for which the plaintiff assumes the risk of injury."  *Hawkins v. Capital Fitness, Inc*., 2015 IL App (1st) 133716, ¶ 19.  This allows the defendant to exercise a greater degree of caution and minimize the risk of injury.  *Platt*, 351 Ill. App. 3d at 330.  Most importantly, the scope of an exculpatory clause is defined by the foreseeability of the specific

danger. *Larsen v. Vic Tanny International*, 130 Ill. App. 3d 574, 577 (1984). The foreseeability of a danger is an important element of the risk a party assumes and often defines the scope of an exculpatory release agreement. *Platt*, 351 Ill. App. 3d at 331. Stated differently, "[i]t should only appear that the injury falls within the scope of possible dangers ordinarily accompanying the activity and, thus, reasonably contemplated by the plaintiff." *Id*. Furthermore, exculpatory clauses are strictly construed against the benefiting party because such clauses are not favored by courts. *Hawkins*, 2015 IL App (1st) 133716, ¶ 19.

¶ 21    After reviewing the facts contained in the record, we hold that the circuit court erred when it dismissed plaintiff's negligence claim. Plaintiff alleged in his complaint that defendant's "roof and/or skylight and/or window" leaked onto the gymnasium floor and caused his injury. The parties agreed that "[p]laintiff testified that he was injured while using the basketball court when he slipped on what he thought was water," and that "[s]omeone else told [p]laintiff that the roof was leaking." The exculpatory clause here is extremely broad, providing that plaintiff releases Fitness International from liability for "all claims arising from my *** use of LA Fitness' facilities, services, equipment or premises." Notably, it does not make any mention of shielding defendant from liability from the building itself being defective. This clause is typical of that required by workout facilities to cover incidents that arise when patrons are injured using equipment, such as tripping and falling off a treadmill or weights dropping on their feet. All such events being foreseeable by both the facility and its patrons. Reviewing the above facts in the light most favorable to plaintiff leads us to conclude that plaintiff could not possibly have foreseen or contemplated that a leak from a defective roof would cause his injury. The alleged cause of plaintiff's injury here, the defective roof, is distinguishable from an injury caused by other sources of condensation on the court such as perspiration, a spilled beverage, or cleaning

products. At the time of the signing of the exculpatory clause, plaintiff could not have foreseen that he would be injured due to a leaking roof.

¶ 22    We agree with plaintiff that the cause of the injury alleged here is similar to those suffered by the plaintiffs in *Larsen v. Vic Tanny International*, 130 Ill. App. 3d 574 (1984), and *Hawkins v. Capital Fitness, Inc.*, 2015 IL App (1st) 133716. In *Larsen*, the court held that a waiver did not apply when the plaintiff suffered respiratory injuries from inhaling certain cleaning chemicals while at the club. The court found that there was a question of fact as to whether a plaintiff would contemplate the danger of this inhalation as part of the waiver. *Larsen*, 130 Ill. App. 3d at 578. In *Hawkins*, a mirror fell on the plaintiff while he was using the fitness club. The court found that mirrors falling on gym members was not the type of risk gym members assumed when signing the waiver at issue. *Hawkins*, 2015 IL App (1st) 133716, ¶ 25. It must be pointed out that the plaintiffs in *Larsen* and *Hawkins* were also patrons of health clubs who signed broad exculpatory clauses when they sustained their injuries. In both cases this court held that summary judgment was not proper because the inhalation of gaseous vapors, as in *Larsen*, or the falling mirror, as in *Hawkins*, could not have been contemplated by the parties. *Larsen*, 130 Ill. App. 3d at 578; *Hawkins*, 2015 IL App (1st) 133716, ¶ 25. Plaintiff here could not have foreseen that he would be injured on a basketball court due to a leaking roof. Accordingly, we equate the cause of plaintiff's injury here to the injuries suffered by the plaintiffs in *Larsen*, *i.e.*, the inhalation of gaseous vapors and *Hawkins*, *i.e.*, a defectively hung mirror. *Larsen*, 130 Ill. App. 3d at 575; *Hawkins*, 2015 IL App (1st) 133716, ¶ 1.

¶ 23    Furthermore, at the very least, plaintiff has raised a sufficient factual issue to defeat the dismissal of his claim at this stage of the proceedings. See *Id.* ¶ 20 ("Whether the particular injury ordinarily accompanies a certain activity and whether the plaintiff understands and

assumes the risk associated with the activity often is a question of fact."); *Larsen*, 130 Ill. App. 3d at 576-77. Plaintiff's contention that a leaky roof, as opposed to common causes of condensation on a basketball court such as perspiration or a spilled beverage, provides a sufficient factual question to defeat defendant's motion to dismiss.

¶ 24    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the matter for proceedings consistent with this decision.

¶ 25    Reversed and remanded.

¶ 26    JUSTICE CONNORS, dissenting.

¶ 27     The majority opinion concludes that the circuit court erred when it dismissed plaintiff's negligence claim because at the time of the signing of the exculpatory clause, plaintiff could not have foreseen that he would be injured due to a leaking roof. I respectfully disagree.

¶ 28    I believe that the alleged water on the basketball court was within the scope of possible dangers covered by this release. The plaintiff must be put on notice by the release of the range of dangers for which he assumes the risk of injury, enabling him to minimize the risks by exercising a greater degree of caution. *Platt*, 351 Ill. App. 3d at 331. Although the precise occurrence which caused the injury need not have been contemplated by the parties when the release was signed, the injury must fall "within the scope of possible dangers" accompanying the activity and, thus, have been reasonably contemplated by the plaintiff and covered by the release. *Id*. The release here is extremely broad, providing that plaintiff releases Fitness International from liability for "all claims arising from my *** use of LA Fitness' facilities, services, equipment or premises. This waiver includes, but is not limited to, personal injury (including death) from accidents or illness ***." I would find that slipping on a wet substance on a gymnasium floor while playing basketball certainly falls within the range of reasonably foreseeable dangers

associated with using a fitness center, and thus plaintiff's injury was contemplated by the waiver he signed.

¶ 29    It is my belief that the majority opinion makes an extremely tenuous distinction between water on the floor as the result of an alleged leaky skylight and water on the floor as the result of a leaky water bottle, cleaning supplies, or perspiration.  I do not see such a distinction, and find *Larsen*, 130 Ill. App. 3d 574, and *Hawkins*, 2015 IL App (1st) 133716, to be inapposite to the case at bar.  In *Larsen*, a waiver was found not to apply when the plaintiff suffered respiratory injuries from inhaling certain cleaning chemicals while at a fitness club, and in *Hawkins*, a waiver did not apply when a mirror fell and hit the plaintiff on the head while he was using the fitness club.  It is my opinion that the injury that occurred in the case at bar, as a result of water on a gym floor, is distinguishable from an injury that occurred as a result of a noxious odor or a fallen mirror.  Therefore, I would find that the injury that occurred here was within the scope of possible dangers associated with using LA Fitness' facilities, and thus was covered by the guest waiver.  Accordingly, I would affirm the circuit court's dismissal of plaintiff's claim of negligence.