NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2018[*]
Decided March 23, 2018

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2740

| | |
|---|---|
| RAJA CHELLAPPA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 10877 |
| SUMMERDALE COURT | |
| CONDOMINIUM ASSOCIATION, | Thomas M. Durkin, |
| et al., | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Raja Chellappa appeals from an adverse entry of summary judgment in this federal suit under the Fair Housing Act, *see* 42 U.S.C. §§ 3604(a), (b), 3617. Because the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

district court properly concluded that under the principles of res judicata a prior suit that Chellappa lost in state court bars this federal suit, we affirm.

Chellappa previously sued Summerdale Court Condominium Association and two of its board members in state court. He alleged that they breached fiduciary and contractual duties by "refusing to hear and then adjudicate [his] numerous noise complaints" about his upstairs neighbors in 2014. Shortly before trial, the defendants produced emails of their responses to noise complaints from other tenants in 2014. These emails led Chellappa, who is Indian, to ask to delay the trial to conduct more discovery on a potential claim of discrimination under the federal Fair Housing Act. The defendants did not object, but the judge denied the request.

The case went to trial in state court. Chellappa never asked the judge to allow him to add a discrimination claim. But at trial he did ask a defendant whether "the Board appl[ied] the same standards and process for complaints from the plaintiff and other unit owners." At the end of the trial, which concluded in the defendants' favor, the judge remarked that Chellappa got his "two days in Court here, and it may go further," adding later, "now you can appeal this … So anyhow, that's it."

The case went no further in state court. After losing at trial, Chellappa did not appeal the judge's refusal to postpone the trial or any other issue. Instead he sued the same defendants in federal court under the Fair Housing Act. Based on the emails from the state case, he alleges that the defendants "applied a different set of standards" to his noise complaints than to those from white unit owners and they "pitted Chellappa against the Tenants" and "encouraged Tenants to cause harassment." In an attempt to overcome a res judicata defense, Chellappa offered a statement from his state-court lawyer, who asserts that the state judge orally mused before trial that he "did not care if [Chellappa] presented this claim of discrimination to any other tribunal."

Because the earlier suit was in Illinois court, 28 U.S.C. § 1738 directs us to follow Illinois law on whether res judicata bars Chellappa's current suit. *See Groesch v. City of Springfield*, 635 F.3d 1020, 1029 (7th Cir. 2011). "In Illinois, res judicata applies when: (1) there is a final judgment in the first suit; (2) there is identity of the causes of action (identified by a set of 'operative facts'); and (3) there is an identity of parties." *Id.* Chellappa focuses on whether his state and federal cases involve the same cause of action. In making this determination, Illinois uses the "transaction" test: different legal theories that arise from the same core operative facts comprise the same cause of action.

*See River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998); *Rodgers v. St. Mary's Hosp. of Decatur*, 597 N.E.2d 616, 621 (Ill. 1992).

Chellappa's state and federal suits arise from the same transaction. They both address whether the same defendants lawfully responded to the complaints about noise at the same condominiums during the same period in 2014. Chellappa replies that he must use additional evidence to establish his new theory of liability under the Fair Housing Act. But the presence of additional evidence to support a new legal theory arising out an already-litigated transaction does not create a new cause of action. *See Hayes v. City of Chicago*, 670 F.3d 810, 814 (7th Cir. 2012) (concluding that plaintiff's federal suit under Title VII was barred by prior Illinois state-court suit because, although plaintiff did not contend his discharge was motivated by race in state-court action, both cases arose out of his discharge). The underlying facts here form a "convenient trial unit" that could have been litigated in a single action. *See Hayes* at 813 (quoting *River Park*, 703 N.E.2d at 883).

Chellappa next argues that he did not have a "full and fair opportunity" to litigate the discrimination claim, but he is incorrect. He observes that he did not receive the emails reflecting discrimination until midway through the state litigation, and the judge did not allow more discovery on a potential discrimination claim. But Chellappa bases his current federal suit on those emails, so even though the court denied his request for more discovery, he could have moved to amend his complaint to litigate his theory of discrimination in state court. (Indeed during trial Chellappa pursued the issue of discrimination with questions about whether the board responded differently to his complaints compared to the complaints of others.) His failure to ask the state court for leave to amend his complaint does not entitle him to switch forums and litigate that theory now. *See Vill. of Rosemont v. Lentin Lumber Co.*, 494 N.E.2d 592, 602 (Ill. App. Ct. 1982) (holding court's denial of leave to file amended complaint to add new claim did not prevent application of res judicata). Furthermore, if Chellappa was dissatisfied with the state court's denial of his request for more discovery or any other adverse ruling, he could have appealed within the state system. He cannot use this appeal to attack collaterally the state court's rulings. *See Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001).

We turn next to whether an exception to res judicata applies and conclude that none does. *See Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1207 (Ill. 1996) (adopting the six exceptions to res judicata in Section 26(1) of Restatement (Second) of Judgments). Chellappa first argues that the defendants agreed to claim splitting by not objecting to

his motion to continue the trial. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(a) (Am. Law Inst. 1982). But "silence alone cannot be sufficient to establish an agreement in effect." *Kantner v. Waugh*, 79 N.E.3d 892, 899 (Ill. App. Ct. 2017). And the defendants had no duty to inform Chellappa that res judicata might bar his future suit. *See id.*

Chellappa's better, but ultimately unavailing, argument is that the state judge "expressly reserved" Chellappa's right to bring his discrimination claim in a later suit. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(b). He believes that, because the judge said "he did not care if [Chellappa] presented this claim of discrimination to any other tribunal" and that the case "may go further," this exception is satisfied. But for two reasons he is wrong.

First, "[a]n express reservation requires that the intent be clearly and unmistakably communicated or directly stated." *Law Offices of Nye & Assocs., Ltd. v. Boado*, 970 N.E.2d 1213, 1218 (Ill. App. Ct. 2012). Both of the judge's statements are ambiguous. The comment "the case may go further" could simply reflect the possibility of an appeal, given that the judge said to Chellappa that he got his day in court "and now you can appeal this." And the judge's lack of "care" about what might happen in another tribunal could just mean that the judge would not be the one to handle the case after it left his court. Thus neither comment conveys "a clear demonstration of the court's intent" to reserve a current claim for a future suit. *Venturella v. Dreyfuss*, 84 N.E.3d 386, 396 (Ill. App. Ct. 2017) (finding that judge's statement from the bench—that denial of motion was not res judicata—did not constitute "express reservation").

Second, no court order reserves a right to file the discrimination claim later. The order denying the requested postponement was silent on whether Chellappa could later file his discrimination claim. And no other order reflects that reservation. Thus "nothing in the record indicates that [any] order was written with an exception to claim-splitting in mind." *Boado*, 970 N.E.2d at 1218. Although Illinois courts have not categorically required that the "express reservation" must be in writing, we are not aware of any case that has applied this exception without a writing. *See Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 958 (Ill. 2002) (commenting favorably on statement in *D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 261 (7th Cir. 1997) that reservation must be "both express, as in writing, and express, as in specifically identified"); *Venturella*, 84 N.E.3d at 396–97 (describing statement that "reservation of the right to bring a separate claim should be memorialized in writing in some way" as "sound in fact and law").

Chellappa mistakenly interprets the cases that he relies on. He regards *Nowak* as saying an "express reservation" can be inferred. 757 N.E.2d at 479. But *Nowak* dealt with the first court refusing to exercise subject-matter jurisdiction over a claim, triggering a different exception to res judicata under the Restatement. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(c); *Nowak*, 757 N.E.2d at 479; *Hudson v. City of Chicago*, 889 N.E.2d 210, 219 (Ill. 2008) (noting that *Nowak* dealt with only this exception). His reliance on *Airtite v. DPR Ltd. P'ship*, 638 N.E.2d 241, 244 (Ill. App. Ct. 1994) is similarly misguided. The court there invoked yet another exception, basing its decision on the fact that the defendants had agreed to claim splitting. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(a). Lastly, Chellappa wrongly relies on *Torres v. Rebarchak*, 814 F.2d 1219, 1225–26 (7th Cir. 1987), where the first court's written order specified that a dismissal was "without prejudice."

As a final matter, we reject Chellappa's argument that equity demands that we disregard res judicata. An equitable exception to res judicata does not apply in situations like this one, where the plaintiff had a chance in the earlier suit to ask to amend his pleadings to add a new theory, or appeal any adverse rulings, but declined to do so. *See Altair Corp. v. Grand Premier Tr. & Inv., Inc.*, 742 N.E.2d 351, 356 (Ill. App. Ct. 2000).

AFFIRMED